IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |  |
|---|---|---|
| KEON ROSE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:07-cv-153 DRH |
| | ) | |
| DONALD HULICK, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by the Respondent on May 9, 2007 (Doc. 12). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, that the case be dismissed, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

After a bench trial, Petitioner Keon Rose was convicted of murder on December 27, 1995, in the Circuit Court of St. Clair County, Illinois, and was sentenced to natural life imprisonment (Doc. 1, pp. 1-2). Petitioner appealed; the Appellate Court of Illinois, Fifth District, affirmed Petitioner's sentence and conviction on June 2, 1998 (Doc. 1, p. 2; Doc. 12, p. 2). Petitioner filed a Petition for Leave to Appeal in the Illinois Supreme Court. The Supreme Court denied leave to appeal on February 3, 1999 (Doc. 1, pp. 2-3; Doc. 12, p. 2). Petitioner did not file a petition for writ of certiorari to the United States Supreme Court (Doc. 1, p. 3).

Petitioner sought state post-conviction relief in Circuit Court of St. Clair County on March 20, 1998 (Doc. 1, pp. 3-4; Doc. 12, p. 3). The trial court denied the petition on August 8,

2003 (Doc. 1, p. 4; Doc. 12, p. 3). The Illinois Appellate Court, Fifth District, affirmed the denial of relief on October 19, 2005 (Doc. 1, p. 4; Doc. 12, pp. 3-4).

Respondent asserts, and Petitioner does not dispute, that on November 30, 2005, Petitioner filed a Petition for Leave to Appeal ("PLA") the denial of post-conviction relief in the Illinois Supreme Court. Respondent contends that the PLA was untimely filed. Nevertheless, the Illinois Supreme Court considered and denied the PLA on January 25, 2006 (Doc. 12, p. 4).

Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court on February 26, 2007.

## CONCLUSIONS OF LAW

It is unnecessary for the Court to hold an evidentiary hearing on this matter as it can be considered on the briefs and evidence supplied by the parties. Petitioner, an inmate in state custody, seeks habeas corpus relief pursuant to 28 U.S.C. §2254, which is codification of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). This code section explains the prerequisites to habeas relief, which include, *inter alia*, the exhaustion of state court remedies and a showing that the state courts erred in either the law applied to the petitioner's claims or the facts relied upon in making a legal decision. Under 28 U.S.C. §2244(d), a habeas petition must be filed within strict time limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of

> the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing
> by such State action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the Supreme
> Court, if the right has been newly recognized by the
> Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> (D) the date on which the factual predicate of the
> claim or claims presented could have been
> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

28 U.S.C. § 2244(d). The burden is on the respondent to show that the petition is untimely. Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004). Respondent argues that the petition is untimely as it was filed more than a year after the conclusion of direct review.

Section 2244(d)(1)(A) provides that the one-year limitation period begins to run at the conclusion of Petitioner's direct appeal. The Illinois Supreme Court denied Petitioner's PLA on direct appeal on February 3, 1999. Even though Petitioner did not appeal this decision to the United States Supreme Court, he is entitled to the 90 days within which he could have appealed the decision. Anderson v. Litscher, 281 F.3d 672, 674-675 (7th Cir. 2002). As such, Petitioner's conviction became final on May 4, 1999.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner filed his petition for post-conviction relief on March 20, 1998, prior to the date

his conviction became final. Pursuant to 28 U.S.C. 2244(d)(2), the filing of this petition tolled the limitations period at least until the Illinois Appellate Court entered its order affirming the denial of post-conviction relief on October 19, 2005.

Respondent states that under Illinois law Petitioner had 21 days, or until November 9, 2005, to file a motion for a PLA the denial of post-conviction relief in the Illinois Supreme Court. Petitioner does not state whether he did so or not, but Respondent shows that Petitioner did file a motion for PLA, but that he did not file it within the 21-day period. Instead, he filed the PLA on November 30, 2005, 42 days after the Appellate Court entered its order affirming the denial of post-conviction relief. The Illinois Supreme Court denied his PLA on January 25, 2006, without specifying whether the denial was based upon the petition's untimeliness or upon its merits (Doc. 12, Exh. N-2, p. 17).

The Seventh Circuit has held that the determination whether a collateral attack is "properly filed" pursuant to section 2254(d)(2), can be made by looking to the state court's treatment of the petition. "If they considered the claim on the merits it was properly filed; if they dismissed it for procedural flaws such as untimeliness, then it was not properly filed." Freeman v. Page, 208 F.3d 572, 576 (7th Cir. 2000). If it is not clear whether the state court disposed of a petition on a procedural ground or on its merits, the Court should assume it was decided on the merits. "[I]f the last word from the state supreme court does not reveal whether a procedural bar or a substantive lack of merit motivated its ruling, we will presume it is the latter for purposes of § 2244(d), unless 'the last reasoned opinion on the claim explicitly impose[d] a procedural default,' which the denial of review by the state supreme court does not disturb." Jefferson v. Welborn, 222 F.3d 286, 288 (7th Cir. 2000) (quoting Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

Because the Illinois Supreme Court did not specify whether it denied the PLA on a procedural ground or upon its merits, the Court will assume the denial was merit-based. Thus, the Court finds that the period of limitations under section 2244(d) was tolled until the Illinois Supreme Court denied Petitioner's PLA from the Illinois Appellate Court's order affirming the denial of post-conviction relief, January 25, 2006. The clock began running on that date, giving Petitioner until January 25, 2007, to file his petition for habeas corpus here.[1]

This Court received the petition on February 26, 2007. Under the mailbox rule, a *pro se* prisoner's petition for a writ of habeas corpus is considered filed on the date he gave it to prison officials for mailing, not on the date it was received in the district court. See Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999). Petitioner does not indicate the date upon which he gave the petition to prison officials for mailing, but he hand-dated the petition February 9, 2007 (Doc. 1, p. 8). Assuming, for purposes of this analysis, that Petitioner gave his petition to prison officials for mailing on the date he signed it, February 9, 2007, the clock ran for 380 days before the petition was filed, fifteen days beyond the limitations period imposed by section 2244(d). Petitioner is thus time-barred from filing a habeas petition before this Court pursuant to 28 U.S.C. §2244(d)(1)(A) and (d)(2).

In response to the motion to dismiss, Petitioner states that he is classified as a "high escape risk" inmate and that he is subject to "unnotified yearly transfer in the month of January." He contends that his petition is late because he was transferred to Menard Correctional Center on

---

[1]The Supreme Court has recently held that the time to file a petition for certiorari regarding the state's denial of post-conviction relief does not toll the statute of limitations under 2244(d)(2). See Lawrence v. Florida, 549 U.S. ___, 127 S.Ct. 1079 (Feb. 20, 2007). Thus, no additional time will be given where Petitioner could have, but did not, seek review in the Supreme Court.

January 22, 2007. He arrived at Menard to find the institution on lockdown; it remained so for approximately three more weeks. Petitioner states that he was not allowed access to his property during the lockdown period. Once Petitioner received his property, however, he obtained a law library call pass. He states that he placed the petition into the prison mailing system immediately after finishing the necessary research and making copies. He asks that the Court not dismiss his petition as time-barred. (Doc. 1, Rose Affidavit; Doc. 13).

What Petitioner is asking for, although he does not label it as such, is that the Court apply the doctrine of equitable tolling. Under Seventh Circuit jurisprudence, "equitable tolling excuses an untimely filing when, despite exercising reasonable diligence, a petitioner could not have learned the information he needed in order to file on time." Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006). Equitable tolling is limited to "extraordinary circumstances," Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006), and is "rarely granted." Jones, 449 F.3d at 789. In Jones, the Court held that a petitioner's placement in segregation, during which time he had no access to the law library; limited library access at other times; and delays in receiving mail were insufficient to justify equitable tolling. Id. See also, Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001) (loss of habeas materials for 27 days due to prison transfer did not justify equitable tolling of the one-year period of limitations).

Petitioner has not demonstrated diligence in pursuing his claims in federal court. He was transferred four days prior to the one-year deadline for filing his petition here. Yet, he states that he still had research to do on his petition. Further, he states that he is always transferred in the month of January, so his transfer was not unexpected. Had Petitioner been diligent in pursuing habeas relief, he would have used the 361 days prior to his transfer to perfect his petition for habeas corpus. Instead, he waited until the last minute, and even though he was aware he was

likely to be transferred to another facility in January 2007, he did not finalize his petition until after his transfer.

Based on the legal standards presented above, Petitioner's reasons for delay, coupled with his lack of diligence in pursuing the petition, do not justify equitable tolling in this case. Thus, his argument lacks merit, and the petition should be dismissed as time-barred.

## CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Court adopt the foregoing findings of fact and conclusions of law, that the Motion to Dismiss (Doc. 12) be **GRANTED,** that the case be **DISMISSED**, and that judgment be entered in favor of the Respondent.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 30, 2008**

               s/ *Donald G. Wilkerson*
               **DONALD G. WILKERSON**
               **United States Magistrate Judge**