IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KEON ROSE,**

**Plaintiff,**

**vs.**

**DONALD HULICK,**

**Defendant.**                                            **No. 07-CV-153-DRH**

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

### I. Introduction

On February 26, 2007, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to **28 U.S.C. § 2254** arguing that: (1) he was denied due process by the State's knowing use of perjured testimony; (2) the trial court failed to exclude unreliable eyewitness identification testimony; (3) postconviction counsel provided unreasonable assistance under Illinois Supreme Court Rule 651(c); (4) the State failed to prove petitioner's guilt beyond a reasonable doubt; and (5) Petitioner's life sentence constitutes cruel and unusual punishment. (Doc. 1.)  On May 9, 2007, Respondent filed a motion to dismiss Petitioner's petition for writ of habeas corpus as time-barred. (Doc. 12.)  On October 4, 2007 - nearly three months after the deadline for filing a response - Petitioner filed a response in opposition arguing that he should be allowed to proceed with his petition based on the principle of equitable

1

tolling. (Doc. 13.)

This matter is now before the Court on a Report and Recommendation ("Report") filed by Magistrate Judge Donald G. Wilkerson on January 30, 2008 pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**. (Doc. 14.) The Report concerns the motion to dismiss filed by Respondent. (Doc. 12.) Judge Wilkerson recommends that Respondent's motion to dismiss be denied. (Doc. 12.) Petitioner filed an objection to the Report (Doc. 15), but failed to submit a memorandum of law in support of the objection. The Court granted Petitioner leave to submit a memorandum of law. (Doc. 16.) On March 6, 2008, Petitioner filed a memorandum of law in support of his objection. (Doc. 19.) Having filed an objection within the time granted by the Court, the Court considers this objection to be timely. Therefore, this Court undertakes de novo review of the Report. **28 U.S.C. § 636(b)(1)(B)**; **FED. R. CIV. P. 72(b)**; *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." **FED. R. CIV. P. 72(b)**; *Willis v. Caterpillar Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id*.

## II. Background

The relevant facts are as follows. Petitioner was convicted of murder following a bench trial on December 27, 1995, in the Circuit Court of St. Clair

County, Illinois, and was sentenced to natural life imprisonment. Petitioner appealed. On June 2, 1998, the Appellate Court of Illinois, Fifth District, affirmed Petitioner's sentence and conviction. Petitioner filed a Petition for Leave to Appeal in the Illinois Supreme Court. The Supreme Court denied leave to appeal on February 3, 1999. Petitioner did not file a petition for writ of certiorari to the United States Supreme Court.

On March 20, 1998, Petitioner sought state post-conviction relief in the Circuit Court of St. Clair County. On August 8, 2003, the trial court denied the petition. The Illinois Appellate Court, Fifth District, affirmed the denial of relief on October 19, 2005. Respondent asserts that on November 30, 2005, Petitioner filed a Petition for Leave to Appeal ("PLA") the denial of post-conviction relief in the Illinois Supreme Court. Petitioner does not dispute this fact. Respondent argues that the PLA was untimely. Nevertheless, the Illinois Supreme Court considered and denied the PLA on January 25, 2006. On February 9, 2007, Petitioner hand-delivered a *pro se* petition for a writ of habeas corpus pursuant to **28 U.S.C. § 2254** to prison officials. The petition was mailed on February 20, 2007 and filed with this Court on February 26, 2007. For purposes of calculating the limitations period, however, the Court will use February 9, 2007.[1]

---

[1] Under the mailbox rule, a *pro se* prisoner's petition for writ of habeas corpus is deemed filed on the date it was given to prison authorities for mailing. ***Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999).**

## III. Analysis

The Court need only give "fresh consideration" to issues raised by Petitioner's objection. Therefore, the Court need only determine whether equitable tolling was warranted in Petitioner's case.

An inmate in state custody who seeks habeas corpus relief must comply with **28 U.S.C. §2254**, **the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA")**. This section provides the prerequisites to habeas relief, which include, inter alia, the exhaustion of state court remedies and a showing that the state courts erred in either the law applied to the petitioner's claims or the facts relied upon in making a legal decision. Relevant to the present action, **28 U.S.C. §2244(d)** provides that a habeas petition must be filed within strict time limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Illinois Supreme Court denied Petitioner's PLA on direct appeal on February 3, 1999. Even though Petitioner did not appeal this decision to the United States Supreme Court, he is entitled to the 90 days within which he could have appealed the decision. ***Anderson v. Litscher*, 281 F.3d 672, 674-675 (7th Cir.**

**2002).** Therefore, Petitioner's conviction became final on May 4, 1999.

Petitioner filed his petition for post-conviction relief on March 20, 1998, prior to the date his conviction became final. Pursuant to **28 U.S.C. 2244(d)(2)**, the filing of this petition tolled the limitations period until October 19, 2005 when the Illinois Appellate Court entered its order affirming the denial of post-conviction relief. Under Illinois law, Petitioner had 21 days, or until November 9, 2005, to file a motion for a PLA the denial of post-conviction relief in the Illinois Supreme Court. Petitioner did not file the PLA until November 30, 2005, 42 days after the Appellate Court entered its order affirming the denial of post-conviction relief. Although the motion was untimely, the Illinois Supreme Court denied the PLA on January 25, 2006, without specifying whether the denial was based upon the petition's untimeliness or upon its merits. Because the Illinois Supreme Court did not specify whether it denied the PLA on a procedural ground or upon its merits, the Report assumes the denial was merit-based. Neither party objected to this finding. Therefore, Petitioner's motion remained pending before the Illinois Supreme Court until the Court issued its decision denying the motion on January 25, 2006. Under **Section 2244(d)**, Petitioner had one year to file a petition for writ of habeas corpus in this court. Petitioner did not file his petition until February 9, 2007. Petitioner's application was untimely.

Petitioner counters that his petition would have been timely filed on January 25, 2007 "but for" the fact that his petition was confiscated on January 22,

2007, when he was transferred to Menard Correctional Center, and that Menard remained in lock down for approximately three weeks. However, Petitioner also stated that he is subject to "unnotified yearly transfer in the month of January." The Court agrees with Judge Wilkerson's findings that Petitioner has not demonstrated diligence in pursuing his claims. Petitioner knew that he was subject to a transfer in the month of January, yet he failed to take necessary steps to ensure that his petition was submitted prior to his transfer. Petitioner has failed to convince the Court that equitable tolling would be justified under these circumstances, especially considering that equitable tolling is limited to "extraordinary circumstances," ***Arrieta v. Battaglia,* 461 F.3d 861, 867 (7th Cir. 2006)**, and is "rarely granted." ***Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006)**. Therefore, Respondent's motion to dismiss should be granted.

## IV. Conclusion

For the reasons set forth above the Court **ADOPTS** Judge Wilkerson's Report (Doc. 14), **GRANTS** Respondent's motion to dismiss (Doc. 12), and **DISMISSES with prejudice** Petitioner's petition for writ of habeas corpus as time-barred (Doc. 1). Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 13th day of March, 2008.

/s/  *David R Herndon*
**Chief Judge**
**United States District Court**